FILED '08 AUG 13 13:54 USDC-ORE

1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT

8            FOR THE DISTRICT OF OREGON

9   RODERICK ADAMS, JR.,
                                    )
10              Plaintiff ,         )    Civ. No. 08-6148-TC
                                    )
11         vs.                      )    OPINION AND ORDER
                                    )
12   GHEEN IRRIGATION WORKS, INC.   )
                                    )
13              Defendant.          )
                                    )
14                                  )
                                    )
15                                  )
                                    )
16   _____)

17   Coffin, Magistrate Judge:

18

19       Defendant  moves  to  dismiss  this  case  pursuant  to  Fed.  R.

20   Civ. P. 12(b)(1) and 12(b)(6) and 9 U.S.C. §§ 3 and 4 so that the

21   parties   can   undertake   arbitration   pursuant   to   a   written

22   arbitration  agreement  in  plaintiff's  employment  contract  (#3).

23   At  oral  argument,  defendant  agreed  that  the  motion  should  be

24   treated  as  a  motion  to  stay.   For  the  reasons  that  follow,  I

25   order  that  the  case  be  stayed  and  arbitration  compelled.

26       Plaintiff, a former employee of defendant, filed a complaint

27   alleging violations of 42 U.S.C. § 1981, 42 U.S.C. § 2000e-2(a)

28   ("Title VII"), 42 U.S.C. § 2000e-3, ORS 659A.030(1)(a)-(f), ORS

1 Opinion and Order

659A.040, ORS 659A.046, intentional infliction of emotional distress, and wrongful discharge. After working for defendant on a temporary basis for six months, plaintiff became a regular employee in September 2006. Pursuant to company policy, plaintiff signed a "dispute resolution agreement" upon commencing regular employment.

The agreement states that "[a]ll claim (sic) and disputes shall be resolved through the three-step dispute resolution process described in this Dispute Resolution Agreement." That process includes direct personal negotiation, non-binding mediation, and, if those are unsuccessful, binding arbitration. The agreement further states that "all claims and disputes," whether or not they arise out of or relate to an employee's employment with defendant, are covered by the agreement, "[e]xcept for the claims set out in the Claims Not Covered paragraph."

The agreement lists several types of covered claims, but states that the list is not exclusive. The types of claims that are explicitly listed include Title VII claims. The agreement does not cover workers' compensation, unemployment, unfair competition, trade secret, or pension claims where the benefit plan contains its own dispute resolution procedure. The agreement states that each party's promise to resolve employment claims through alternative dispute resolution is consideration for the other party's like promise.

Defendant contends that the arbitration agreement is unconscionable and therefore unenforceable, that he did not knowingly agree to arbitrate, and that there was inadequate

2 Opinion and Order

consideration for the arbitration agreement.

## Standard

Defendant argues that dismissal is appropriate under either Fed. R. Civ. P. 12(b)(1) (lack of jurisdiction over the subject matter) or Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief can be granted). "Ordinarily, where a jurisdictional issue is separable from the merits of a case, the court may determine jurisdiction by the standards of a Rule 12(b)(1) motion to dismiss for lack of jurisdiction." Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987). The court is "free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). The existence of disputed material facts "will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. (quoting Thornhill Publishing Co. v. General Telephone & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979)).

Dismissal for failure to state a claim is appropriate where it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Moreover, "[m]aterial allegations in a complaint must be taken as true and viewed in the light most favorable to the plaintiff." Geraci v. Homestreet Bank, 347 F.3d 749, 751 (9th Cir. 2003) (citing Daviton v. Columbia/HCA Healthcare Org., 241 F.3d 1131, 1133 n. 1 (9th Cir. 2001).

3 Opinion and Order

Defendant moves to dismiss based upon those rules and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, which removes the court's subject matter jurisdiction to hear the claim when there is a valid, enforceable arbitration clause.   Therefore, defendant's motion to dismiss is "one means to raise its arbitration defense.   In effect, [defendant's] motion is a petition to this court within the meaning of § 4 of the FAA." Roque v. Applied Materials, Inc., No. CV 03-1564-ST, 2004 WL 1212110, at *4 (D. Or. Feb. 20, 2004).

## Discussion

The FAA states that written agreements to arbitrate arising out of transactions involving interstate commerce "shall be valid, binding, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."   9 U.S.C. § 2.   If the issue is referable to arbitration under the agreement, then the court must direct the issue to arbitration and stay the trial.   9 U.S.C. § 3.   An agreement to arbitrate is to be "rigorously enforce[d]." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221 (1985).

If the court is satisfied that the making of the arbitration agreement is not at issue, then the court must order arbitration. The court "can only determine whether a written arbitration agreement exists, and if it does, enforce it 'in accordance with its terms.'"   Howard Elec. & Mech. Co. v. Frank Briscoe Co., 754 F.2d 847, 849 (9th Cir. 1985) (citations omitted).

We apply "ordinary state-law principles that govern the formation of contracts" when determining the validity of an

4 Opinion and Order

arbitration agreement. <u>See Roque</u>, 2004 WL 1212110 at *5 (citing <u>Circuit City Stores, Inc. v. Adams</u>, 279 F.3d 889, 892 (9th Cir. 2002). Under Oregon law, unconscionability is "a legal issue that must be assessed at the time the contract was formed." <u>Id.</u> (citing <u>Best v. U.S. Nat'l Bank of Or.</u>, 739 P.2d 554, 556 (Or. 1987).

The Oregon Court of Appeals recently discussed unconscionability in <u>Vasquez-Lopez v. Beneficial Oregon, Inc.</u>, 152 P.3d 940, 948 (Or. App. 2007). Unconscionability in Oregon has "both a procedural and a substantive component." <u>Id.</u> Procedural unconscionability refers to "the conditions of contract formation and focuses on two factors: oppression and surprise." <u>Id.</u> Oppression refers to inequality in bargaining power, precluding meaningful negotiation and choice. Surprise "involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in a prolix printed form drafted by the party seeking to enforce the terms." <u>Id.</u> (quoting <u>Acorn v. Household Intern, Inc.</u>, 211 F. Supp. 2d 1160, 1168 (N. D. Cal. 2002)). Substantive unconscionability refers to the terms of the contract rather than formation.

In Oregon, "substantial disparity in bargaining power, combined with terms that are unreasonably favorable to the party with the greater power may result" in an unconscionable provision. <u>Carey v. Lincoln Loan Co.</u>, 125 P.3d 814, 828 (Or. App. 2005), <u>aff'd</u>, 157 P.3d 775 (Or. 2007). Such a scenario may involve deception or lack of genuine consent. <u>Id.</u> Both procedural and substantive unconscionability are relevant in Oregon, but only substantive unconscionability is "absolutely

necessary." <u>Vasquez-Lopez</u>, 152 P.3d at 948.  However, each case is decided on its own facts.  <u>Id.</u>

Plaintiff contends that he did not understand the agreement, that he was not given an opportunity to take it home and read it before signing, and that he was not informed that he could ask questions about it.  However, plaintiff's vague arguments do not render the arbitration agreement unconscionable.  Substantive unconscionability, the only necessary element under Oregon law, requires unreasonable terms.  The agreement at issue here is a standard arbitration agreement in the employment context; it does not limit or preclude attorney fees or prevent plaintiff from filing a discrimination charge with an administrative agency. There is nothing substantively unconscionable about the agreement.

Furthermore, plaintiff's claim that there was inadequate consideration for the agreement is without merit.  Plaintiff was an at-will employee whose continued employment provided sufficient consideration for the arbitration agreement.  <u>See</u> <u>Fontaine v. Rent-a-Center West, Inc.</u>, No. CV 05-1485-KI, 2006 WL 141606, at *3 (D. Or. Jan. 13, 2006).

## Conclusion

For the foregoing reasons, defendant's motion to stay and to compel arbitration is granted.

Dated this _13_ day of August, 2008.

6 Opinion and Order

1    THOMAS M. COFFIN
     United States Magistrate Judge
2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28